IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLENE JUANITA MILLS                                                                          PLAINTIFF

vs.                                            Civil No. 4:11-cv-04011

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Charlene Juanita Mills ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying her applications for Disability

Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under

Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to

conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final

judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the

Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed applications for DIB and SSI on February 27, 2008. (Tr. 42, 102-107).

Plaintiff alleged she was disabled due to problems with her left ankle and both feet. (Tr. 121).  Plaintiff

alleged an onset date of September 27, 2007.  (Tr. 42).  These applications were denied initially and

again upon reconsideration.  (Tr. 51-61).  Thereafter, Plaintiff requested an administrative hearing on

her applications, and this hearing request was granted.  (Tr. 62).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on February 19, 2009, in Texarkana, Arkansas. (Tr. 7-32). Plaintiff was present and was represented by counsel, Stephen Tedder, at this hearing. *Id.* Plaintiff, Medical Expert Dr. Alice Cox, and Vocational Expert ("VE") Elizabeth Clem, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563©, and has a high school education and some college. (Tr. 112, ECF No. 10, Pg. 2).

On May 28, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 42-50). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 44, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 27, 2007, her alleged onset date. (Tr. 44, Finding 2).

The ALJ determined Plaintiff had the severe impairments of obesity and left foot and ankle problems. (Tr. 44, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 45, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 45-48, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work activity except she cannot balance, climb ladders, ropes or scaffolds; cannot work at unprotected heights or around dangerous machinery; has limited ability to reach overhead with the right upper extremity, but no limitations with the left upper extremity; and would not be able to work in a high stress environment. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.48, Finding 6). The ALJ determined Plaintiff's PRW included work as a chicken plant line worker. (Tr. 48). Based upon her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.* The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 48-49, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a receptionist with 4,100 such jobs in the region and 648,000 in the national economy, telephone sales/marketing with 2,300 such jobs in the region and 188,000 in the national economy, and front desk clerk with 3,700 such jobs in the region and 650,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from September 27, 2007 through the date of his decision. (Tr. 49, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On January 21, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 9, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial

evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5)

if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there

are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20

C.F.R. §§ 404.1520(a)-(f).   The fact finder only considers the plaintiff's age, education, and work

experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§

404.1520, 416.920 (2003).

### 3. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record.  ECF No. 10 at 5-9.  Specifically, Plaintiff claims the ALJ erred  (1)

in evaluating her RFC, (2), failed to consider her impairments in combination and (3) failed to find her

impairments met a listing.  In response, the Defendant argues the ALJ did not err in any of his findings.

ECF No. 11.

#### A. RFC Determination

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required

to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be

based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo*

*v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the

record' in determining the RFC, including 'the medical records, observations of treating physicians and

others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807

(8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the

burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d

at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for

ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff alleged she was disabled due to problems with her left ankle and both feet. (Tr. 121). In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work activity except she cannot balance, climb ladders, ropes or scaffolds; cannot work at unprotected heights or around dangerous machinery; has limited ability to reach overhead with the right upper extremity, but no limitations with the left upper extremity; and would not be able to work in a high stress environment. (Tr. 45, Finding 5).

On January 19, 2007, Plaintiff was seen for left ankle pain by Dr. John Gregory.  At this time, Dr. Gregory released Plaintiff to return to work.  (Tr. 172).  On May 4, 2007, Plaintiff returned to Dr. Gregory with complaints about her right foot.  (Tr. 172).   Plaintiff returned to work and was allowed to sit for part of the day as a special accommodation.  *Id.*  Plaintiff indicated her employer eventually stopped permitting her to sit and she reported additional difficulty with pain in her right foot. (Tr. 172). Dr. Gregory found Plaintiff was markedly tender over the origin of the plantar fascia and she had hallus valgus. (Tr. 172).  Dr. Gregory indicated he would inject her foot during this visit.  *Id.*  On May 18, 2007, Plaintiff returned and reported reasonable relief from the injection but still had some difficulty standing for long periods.  (Tr. 172).

On June 18, 2007, Plaintiff was seen by Dr. Gregory and indicated she had pain in the left ankle. Plaintiff was prescribed Lortab for pain relief.  (Tr. 172).  On July 2, 2007, Plaintiff returned and stated

6

she had obtained good relief from the medication, but was not allowed to wear her brace at work.  (Tr. 171).  Dr. Gregory referred Plaintiff to Dr. Eric Gordon for specialized care of her left ankle and feet. (Tr. 171).

On July 23, 2007, Plaintiff's underwent an MRI exam.  (Tr. 175).  The MRI revealed a large osteochondral lesion of the left talus with a loose fragment, synovitis in the posterior left ankle joint, and ligament thickening. In addition, the MRI revealed arthrosis of the dorasal talonavicular joint with effusion, and insertional tendinopathy of the achilles.  *Id.*

Plaintiff was seen by Dr. Gordon on August 10, 2007 for her left ankle pain.  (Tr. 188-189).  On physical exam, Plaintiff was 5' 4" and weighed 295 pounds.  (Tr. 187).  Dr. Gordon felt her obesity was a contributing factor to her left ankle problems.  (Tr. 188).  Dr. Gordon reviewed the MRI results and wanted to try to treat Plaintiff conservatively.  *Id.*  Dr. Gordon recommended she stay off work or do light duty work.  *Id.*  Plaintiff returned to Dr. Gordon on September 4, 2007.  (Tr. 187).  Dr. Gordon indicated Plaintiff had been unsuccessful in attempting to return to her job standing on concrete eight hours a day.  (Tr. 187).  Dr. Gordon recommended Plaintiff return to light duty limited to four hours of standing daily.  *Id.*  Dr. Gordon also indicated Plaintiff could perform desk work if her employer would accommodate her.  *Id.*

Plaintiff underwent left ankle arthroscopy surgery in September 2007.  (Tr. 186).  On October 9, 2007, Plaintiff followed up with Dr. Gordon and indicated she was doing well with no significant pain.  (Tr. 186).  Plaintiff returned for a follow up visit with Dr. Gordon on December 4, 2007.  (Tr. 184).  Dr. Gordon indicated she was progressing well and was capable of doing light duty work.  (Tr. 184).  Dr. Gordon also recommended Plaintiff lose weight.  *Id.*

On January 8, 2008, Plaintiff returned to Dr. Gordon.  (Tr. 183).  Plaintiff's  incisions were well

healed with no significant swelling. *Id.* Plaintiff's ankle strength was 5/5 and her ankle moved smoothly with no crepitation. *Id.* Dr. Gordon reported Plaintiff's range of motion and strength had progressed nicely and he recommended she continue her assigned home exercises. *Id.* Dr. Gordon released Plaintiff to return to full normal work activities. *Id.*

On April 1, 2008, a Physical RFC Assessment was prepared on Plaintiff. (Tr. 190-197). This assessment found Plaintiff retained the capacity to perform sedentary work activity with the limitations set out by the ALJ in his opinion. *Id.* Additionally, Dr. Alice Cox, who testified at Plaintiff' hearing, stated Plaintiff retained the capacity to perform sedentary work with restrictions consistent with the ALJ's RFC finding. (Tr. 13).

Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B.  Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 45, Finding 4) (emphasis added). The ALJ also evaluated Plaintiff's medical records, examined Plaintiff's impairments, and found Plaintiff had a combination of severe impairments. (Tr. 45-48).

8

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included obesity and left foot and ankle problems. (Tr. 44, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*,

493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.00, but fails to identify a specific Listing. Instead, Plaintiff argues the definition of functional loss and states she has an inability to ambulate effectively with an extreme limitation on her ability to walk.  ECF No. 10. Pgs. 8-9.

The medical record evidence, as discussed above, does not support Plaintiff's claim of an inability to ambulate effectively with an extreme limitation on her ability to walk.  There were no such findings by any treating physician.  Further, Plaintiff's Function Report and hearing testimony does not support such a finding.  According to Plaintiff's Function Report, Plaintiff was capable of cooking, performing some household cleaning, driving, shopping for groceries alone, and she stated she did not require help when going out. (Tr. 126-130).  Plaintiff testified her activities were about the same at the time of the hearing as those in her Function Report.  (Tr. 17).  Plaintiff further testified that she could shop and walk around Wal-mart.  (Tr. 20-21).

Plaintiff's testimony and medical evidence establishes she has the ability to ambulate effectively and to perform activities of daily living.  20 C.F.R. Pt. 404, Subpt. P, Section 1.00(b)(2).  I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21ˢᵗ day of February, 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

10